MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
MIGUEL ALMAZO and MANUEL OLGUIN,
*individually and on behalf of others similarly situated,*

          *Plaintiff,*

       -against-

RACHEL ON NINTH CORP. (d/b/a PATRON
MEXICAN GRILL), PATRICK S. LIMA, LOUIS
COLANTONIO, CHRISTOPHER J. COOPER, and
CIRO COLANTONIO,

         *Defendants.*
----------------------------------------------------------------X

        **COMPLAINT**

    **COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**
  **AND RULE 23 CLASS**
       **ACTION**

       **ECF Case**

Plaintiff Miguel Almazo ("Plaintiff Almazo" or "Mr. Almazo") and Miguel Olguin ("Plaintiff Olguin" or "Mr. Olguin") (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Rachel On Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, Christopher J. Cooper and Ciro Colantonio (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiffs are former employees of Defendants Rachel On Ninth Corp. (d/b/a Patron Mexican Grill) ("Defendant Corporation"), Patrick S. Lima, Louis Colantonio, Christopher J. Cooper and Ciro Colantonio.

2.    Patron Mexican Grill is a Mexican restaurant owned by Patrick S. Lima, Louis Colantonio, Christopher J. Cooper and Ciro Colantonio located at 608 9th Avenue, New York NY 10036.

3.    Upon information and belief, Defendants Patrick S. Lima, Louis Colantonio, Christopher J. Cooper and Ciro Colantonio serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the Mexican restaurant.

4.    Plaintiffs are former tipped-employees of Defendants.

5.    Plaintiff Almazo was ostensibly employed as a waiter , but he was required to spend several hours each day performing non-tipped duties unrelated to serving, including but not limited to bringing ice or liquor up from the basement and stocking deliveries in the basement (hereinafter non-tip duties).

6.    Similarly, Plaintiff Olguin was ostensibly employed as a busboy, but he was required to spend several hours each day performing non-tipped duties unrelated to bussing, including but not limited to cleaning utensils, checking margarita mix machine, taking out food to the tables, squeezing lemon into margarita mix, bringing in merchandise to store, getting ice, cutting oranges, cleaning tables, buying candy for beverages at the store, buying dry ice for Halloween decorations, cleaning the bar inside at closing time, sweeping the bar (hereinafter non-tip duties).

7.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate overtime compensation for the hours over 40 per week that they worked.

8.    Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs the applicable minimum wage, and failed to pay them appropriately

for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.     Defendants employed and accounted for Plaintiffs as a waiter and busboy in their payroll, but in actuality their duties included greater or equal time spent performing the non-tipped functions such as those alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiffs and all other similarly situated employees at a rate that was lower than the required tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate, and to enable them to pay Plaintiffs at the lower tip-credited rate (which they still failed to do) by designating them as tipped instead of a non-tipped employees.

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et*

*seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

19.     Plaintiff Miguel Almazo ("Plaintiff Almazo" or "Mr. Almazo") is an adult individual residing in New York County, New York. Plaintiff Almazo was employed by Defendants from approximately August 14, 2011 until on or about April 1, 2017. At all relevant times to this Complaint, Plaintiff Almazo was ostensibly employed by Defendants as a waiter.

20.     Plaintiff Manuel Olguin ("Plaintiff Olguin" or "Mr. Olguin") is an adult individual residing in Bronx County, New York. Plaintiff Olguin was employed by Defendants from approximately 2009 until on or about September 2014. At all relevant times to this Complaint, Plaintiff Olguin was ostensibly employed by Defendants as a busboy.

*Defendants*

21.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a Mexican restaurant located at 608 9th Avenue, New York NY 10036.

22.     Upon information and belief, Rachel On Ninth Corp. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 608 9th Avenue, New York NY 10036.

23.     Defendant Patrick S. Lima is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Patrick S. Lima is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

24.     Defendant Patrick S. Lima possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

25.     Defendant Patrick S. Lima determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.     Defendant Louis Colantonio is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Louis Colantonio is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27.     Defendant Louis Colantonio possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

28.     Defendant Louis Colantonio determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

31.      Defendant Christopher J. Cooper is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Christopher J. Cooper is sued individually in hisr capacity as an owner, officer and/or agent of Defendant Corporation.

32.     Defendant Christopher J. Cooper possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

33.     Defendant Christopher J. Cooper determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

34.     Defendant Ciro Colantonio is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ciro Colantonio is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

35.     Defendant Ciro Colantonio possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

36.     Defendant Ciro Colantonio determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

37.     Defendants operate a Mexican restaurant located in the Hell's Kitchen section of Manhattan.

38.     Individual Defendants Patrick S. Lima, Louis Colantonio, Christopher J. Cooper and Ciro Colantonio possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

39.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

40.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

41.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

42.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

43.     Upon information and belief, individual defendants Patrick S. Lima, Louis Colantonio, Christopher J. Cooper and Ciro Colantonio, operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

7

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with those of Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    Other actions evincing a failure to adhere to the corporate form.

44.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

45.    Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

46.    In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

47.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Mexican restaurant on a daily basis, such as sodas and tomatoes, were produced outside of the State of New York.

### Individual Plaintiffs

48.    Plaintiffs are former employees of Defendants, ostensibly employed as a waiter and busboy, but who spent more than 20% of the time they worked each day performing the non-waiter non-tip duties outlined above.

49.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### Plaintiff Miguel Almazo

50.    Plaintiff Almazo was employed by Defendants from approximately August 14, 2011 until on or about April 1, 2017.

51.    At all times relevant to this Complaint, Plaintiff Almazo ostensibly was employed by Defendants as a waiter. However, Plaintiff Almazo spent more than 20% of each work day performing the non- tip duties outlined above.

52.    Plaintiff Almazo regularly handled goods in interstate commerce, such as tools produced outside of the State of New York.

53.    Plaintiff Almazo's work duties required neither discretion nor independent judgment.

54.    Throughout his employment with Defendants, Plaintiff Almazo regularly worked in excess of 40 hours per week.

49.    From approximately October 2011 until on or about April 1, 2017, Plaintiff Almazo worked from approximately 4:00 p.m. until on or about 1:00 a.m. Tuesdays through Thursdays and from approximately 4:00 p.m. until on or about 2:00 a.m. Fridays and Saturdays (typically 47 hours per week).

50.    Throughout his employment with defendants, Plaintiff Almazo was paid his wages in a combination of company checks and personal checks.

51.    From approximately October 2011 until on or about April 2016, Defendants paid Plaintiff Almazo $5 per hour.

52.    From approximately April 2016 until on or about April 1, 2017, Defendants paid Plaintiff Almazo $7.50 per hour.

53.    Plaintiff Almazo's wages did not vary regardless of how many additional hours he worked in a day or week.

54.    In fact, defendants required Plaintiff Almazo to work one hour past his scheduled departure time two days per week and did not compensate him for the additional time they required him to work.

55.    Defendants did not grant Plaintiff Almazo any breaks or meal periods of any kind.

56.    Plaintiff Almazo was never notified by Defendants that his tips would be included as an offset for wages.

57.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Almazo's wages.

58.    Defendants did not provide Plaintiff Almazo with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

59.     In fact, Plaintiff Almazo received stubs that falsely display inaccurate amounts of hours worked per week.

60.     Plaintiff Almazo was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

61.     Defendants never provided Plaintiff Almazo with a written notice, in English and in Spanish (Plaintiff Almazo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Almazo regarding overtime and wages under the FLSA and NYLL.

*Plaintiff Manuel Olguin*

55.     Plaintiff Olguin was employed by Defendants from approximately 2009 until on or about September 2014.

56.     At all times relevant to this Complaint, Plaintiff Olguin ostensibly was employed by Defendants as a busboy.

57.     However, Plaintiff Olguin spent more than 20% of each work day performing the non- tip duties outlined above.

58.     Plaintiff Olguin regularly handled goods in interstate commerce, such as foods produced outside of the State of New York.

59.     Plaintiff Olguin's work duties required neither discretion nor independent judgment.

60.     Throughout his employment with Defendants, Plaintiff Olguin regularly worked in excess of 40 hours per week.

11

63.     From approximately October 2011 until on or about September 2014, Plaintiff Olguin worked from approximately 4:00 p.m. until on or about 2:00 a.m. Tuesdays through Saturdays (typically 50 hours per week).

64.     Throughout his employment with defendants, Plaintiff Olguin was paid his wages in a combination of company checks and personal checks.

65.     From approximately October 2011 until on or about September 2014, Defendants paid Plaintiff Olguin $5 per hour.

66.     Plaintiff Olguin's wages did not vary regardless of how many additional hours he worked in a day or week.

67.     In fact, defendants required Plaintiff Olguin to work one hour to one and a half hour past his scheduled departure time five days per week and did not compensate him for the additional time they required him to work.

68.     Defendants did not grant Plaintiff Olguin any breaks or meal periods of any kind.

69.     Plaintiff Olguin was never notified by Defendants that his tips would be included as an offset for wages.

70.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Olguin's wages.

71.     Defendants did not provide Plaintiff Olguin with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

72.     In fact, Plaintiff Olguin received stubs that falsely display inaccurate amounts of hours worked per week.

73.     Plaintiff Olguin was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

74.     Defendants never provided Plaintiff Olguin with a written notice, in English and in Spanish (Plaintiff Olguin's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Olguin regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

76.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage and overtime compensation.

77.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

78.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

79.     Defendants required Plaintiffs, and all other similarly situated employees, to perform general non-tipped restaurant tasks in addition to their primary duties as server and busboy.  Plaintiffs and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

80.    Plaintiffs and all other tipped employees were paid at a rate that was lower than the required tip-credited rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

81.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which she has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

82.    Plaintiffs' duties were not incidental to their occupation as server and busboy, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

83.    In violation of federal and state law as codified above, Defendants classified Plaintiffs and other similarly situated employees as tipped employees and did not even pay them at the required tip-credited rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

84.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

85.    Defendants failed to inform Plaintiffs that they intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

86.    Defendants failed to inform Plaintiffs that their tips would be credited towards the

payment of the minimum wage.

87.     Defendants failed to maintain a record of tips earned by Plaintiffs.

88.     Plaintiffs were paid their wages in a combination of company checks and personal checks.

89.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

90.     By employing these practices, Defendants avoided paying Plaintiffs the minimum wage for their regular hours and overtime compensation of time and a half for all of their hours worked in excess of forty (40) hours per week.

91.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) minimum wage, and, (3) overtime wages.

92.     Defendants failed to post required wage and hour posters in the Mexican restaurant, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

93.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

94.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

95.     Plaintiffs bring their FLSA minimum, overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period"), as employees of Defendants (the "FLSA and Rule 23 Class").

96.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

97.    The claims of Plaintiffs stated herein are similar to those of the other employees.

**<u>FEDERAL RULE 23 CLASS ACTION ALLEGATIONS</u>**

98.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

99.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

100.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

101.    There are questions of law and fact common to the Class including:

(a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

(b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

(c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

17

(d) Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

(e) Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

(f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

(g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and,

(h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

102.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

103.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

104.    The common questions of law and fact predominate over questions affecting only individual members.

105.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

106.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

107.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

109.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

110.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

111.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

112.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

113.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA OVERTIME PROVISIONS

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

116.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

117.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

118.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

119.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

120.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

121.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

123.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 Class members) less than the minimum wage.

124.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

125.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE LABOR LAW'S

### OVERTIME PROVISIONS

126.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23

Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

128.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

129.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

130.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

131.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

133.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

134.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

135.    Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL 195(3).

136.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA and Rule 23 Class members in the FLSA claims in this action;

(b)    Declaring that Defendants violated the  minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs', and the FLSA and Rule 23 Class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)    Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiffs', and the FLSA and Rule 23 Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(l)    Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(m)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(o)    Declaring that Defendants' violations of the NYLL was willful as to Plaintiffs and

24

the FLSA and Rule 23 Class members;

(p)    Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorney's fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
          October 27, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_/s/ Michael Faillace_
By:    Michael A. Faillace
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        _Attorneys for Plaintiffs_

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 18, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Manuel Olguin**

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                  18 de octubre de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

October 3, 2017

BY HAND

To: Clerk of Court,

      I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                Miguel A. Almazo Garcia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                October 3, 2017

*Certified as a minority-owned business in the State of New York.*