# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                                         Telephone: (212) 317-1200
New York, New York 10165                                                                Facsimile: (212) 317-1620

May 7, 2018

**VIA ECF**

Hon. James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        **Re:**    *Almazo, et al. v. Rachel on Ninth Corp., et al.*
                Case No. 17-cv-8324-JMF

Your Honor:

      This office represents Plaintiffs Miguel Almazo and Manuel Olguin ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio and Ciro Colantonio (the "Defendants," and together with Plaintiffs, the "Parties").

      The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before your Honor. The proposed Agreement is attached hereto as **Exhibit A**. We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Parties represent to the Court that while Plaintiffs allege that the settlement amount is less than what they would be entitled to if they prevailed at trial, the Parties agree that the settlement is fair, as discussed herein.

**Background**

      Plaintiffs allege that they were employed by Defendants to work in their Mexican restaurant, located at 608 9th Avenue, New York, NY 10035.

      Plaintiff Miguel Almazo ("Plaintiff Almazo") alleges that he was employed by Defendants from approximately August 14, 2011 until on or about April 1, 2017. Plaintiff Almazo alleges that he was ostensibly employed by Defendants as a waiter, but spent more than 20% of each workday performing non-tip duties. Plaintiff Almazo alleges that rom approximately October 2011 until on or about April 1, 2017, Plaintiff Almazo worked approximately 47 hours per week. Plaintiff Almazo alleges that throughout his employment with Defendants, Plaintiff Almazo was paid his wages in a combination of company checks and personal checks. Plaintiff Almazo alleges that from approximately October 2011 until on or about April 2016, Defendants paid Plaintiff Almazo $5 per hour. Plaintiff Almazo further

alleges that rom approximately April 2016 until on or about April 1, 2017, Defendants paid Plaintiff Almazo $7.50 per hour.

Plaintiff Manuel Olguin ("Plaintiff Olguin") alleges that he was employed by Defendants from approximately 2009 until on or about September 2014. Plaintiff Olguin alleges that he was ostensibly employed by Defendants to work as a busboy; however, Plaintiff Olguin spent more than 20% of each work day performing non-tip duties. Plaintiff Olguin alleges that from approximately October 2011 until on or about September 2014, Plaintiff Olguin typically worked 50 hours per week. Plaintiff Olguin alleges that throughout his employment, Plaintiff Olguin was paid his wages in a combination of company checks and personal checks. Plaintiff Olguin alleges that from approximately October 2011 until on or about September 2014, Defendants paid Plaintiff Olguin $5.00 per hour.

Plaintiffs therefore brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq.*, and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiffs' allegations, including, but not limited to claims that the Plaintiffs spent more than 20% of any given workday performing non-tip duties, that the were paid with personal checks, or that Plaintiffs were not paid for overtime. Additionally, Defendants deny Plaintiff Olguin's allegation that he worked for the Defendants during 2009 and 2010 as the restaurant opened in August of 2011.

However, after weighing the risks of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

**Settlement**

The Parties have agreed to resolve this action for the total sum of $100,000.00 which will be paid as outlined in **Exhibit A**. Plaintiffs estimated that, in a best case scenario, they would be entitled to approximately $68,715.50 in minimum and overtime base damages. However, if Defendants were to succeed, they estimate that Plaintiffs would be entitled to a minor amount, if anything at all.

This office has requested that all payments for this settlement be delivered to the law firm and be made payable to the firm. Upon receipt by this office, sixty-six thousand six-hundred and sixty-six dollars and sixty-seven cents ($66,666.67) of the settlement amount will be paid to Plaintiffs, with $42,666.67 to Plaintiff Almazo and $24,000 to Plaintiff Olguin. The remaining Thirty-Three Thousand Thirty-Three Dollars and Thirty-Three cents ($33,333.33) will be applied as Plaintiffs' attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA

Hon. James L. Cott
May 7, 2018
Page 3 of 4

settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation. The One-Hundred Thousand Dollars ($100,000.00) that Plaintiffs will be receiving accounts for any alleged unpaid minimum and overtime wages and any statutory penalties that they could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully utilize its documentation to prove that Defendants paid Plaintiffs in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $33,333.33 from the settlement fund as attorneys' fees and costs. This represents one-third of the settlement amount, a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Hon. James L. Cott
May 7, 2018
Page 4 of 4

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

Hon. James L. Cott
May 4, 2018
Page 5 of 4

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffa*

cc:   D. Mara Lowenstein, Esq. (via ECF)
      *Attorney for Defendants*