**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL ALMAZO and MANUEL OLGUIN, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br>RACHEL ON NINTH CORP. (d/b/a PATRON MEXICAN GRILL), PATRICK S. LIMA, LOUIS COLANTONIO, CHRISTOPHER J. COOPER, and CIRO COLANTONIO<br><br>*Defendants.* | 17-cv-8324-JLC<br><br>**SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE OF CLAIMS</u>** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Miguel Almazo and Manuel Olguin ("Plaintiffs") on the one hand, and Rachel on Ninth Corp. (d/b/a Patron Mexican Grill) (the "Defendant Corporation"), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio (the "Individual Defendants," and together with the Defendant Corporation "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-8324 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiffs, the gross sum of One Hundred Thousand Dollars and Zero Cents ($100,000)

1

(the "Negotiated Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

      i.      A check in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within thirty (30) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      ii.      A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within sixty (60) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      iii.      A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within ninety (90) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      iv.      A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and twenty (120) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      v.      A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and fifty (150) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      vi.      A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and eighty (180) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      vii.      A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three

Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within two-hundred and ten (210) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

viii. A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within two-hundred and forty (240) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

ix. A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within two-hundred and seventy (270) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

x. A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within three hundred (300) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xi. A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within three hundred and thirty (330) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xii. A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.33) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within three-hundred and sixty (360) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xiii. A check in the amount of Seven Thousand Eighty-Three Dollars and Thirty-Three Cents ($7,083.37) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within three hundred and ninety (390) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the

responsibility solely of the Plaintiffs and their counsel.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

3. (a) In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiffs' counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as Exhibit A.

(b) Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants.

4. <u>Failure to Pay</u>: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) 150% times any remaining amounts owed; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement.

5. <u>Releases</u>

(a) **Release by Plaintiffs.** Plaintiffs are no longer employees of the Defendants. Each Plaintiff knowingly and voluntarily releases and forever discharge Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents of and from any and all claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which such Plaintiff, his heirs, executors, administrators, successors and assigns have had or may have against Defendants for any reason whatsover, including, but not limited to, any claim or any alleged violation of: Any federal, state or local human rights, civil rights, wage and hour, employment or labor law, regulation or ordinance, any federal, state or local unlawful discrimination, harassment, retaliation and wrongful termination law, regulation or ordinance; The National Labor Relations Act, as amended; Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Equal Pay Act; The Employee Retirement Income Security Act of 1974, as amended; The Immigration Reform Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Vocational Rehabilitation Act of 1973; as amended; The Age

Discrimination in Employment Act of 1967, as amended; The Fair Labor Standards Act, as amended; The Older Workers Benefits Protection Act, as amended; The Occupational Safety and Health Act, as amended; The Federal Family Medical Leave Act; as amended; The Consolidated Budget Reconciliation Act; as amended; The Fair Credit Reporting Act; The Sarbanes Oxley Act; Any breach of contract or breach of fiduciary duty or fraud; Any express or implied employment or other agreement with Defendants; Any claims for loss of income, loss of benefits, compensatory damages, punitive damages or liquidated damages and any claim for costs, fees, or other expenses, including attorneys' fees. Nothing herein contained shall constitute a release by such Plaintiff of any claims as to which the law prohibits a release.

Plaintiffs further agree that any release of the corporate defendant, Rachel on Ninth Corp. d/b/a Patron Mexican Grill) shall be considered a release of Defendant Christopher Cooper. Within five days (5) days of Court Approval, Plaintiffs will dismiss Defendant Christopher Cooper pursuant to Fed. R. Civ. P. 41.

(b) **Release by Defendants.** Similarly, the Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, and current and former employees, officers, directors and agents knowingly and voluntarily release and forever discharge Plaintiffs, their heirs, executors, administrators, successors and assigns of and from any and all claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which Defendants have had or may have against any of the Plaintiffs for any reason whatsoever, including but not limited to any claims for breach of contract or breach of fiduciary duty or fraud; Any express or implied employment or other agreement with Plaintiffs;. Nothing herein contained shall constitute a release by Defendants of any claims as to which the law prohibits a release.

5. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. Acknowledgment: Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

D. Mara Lowenstein, Esq.
1460 Broadway
New York, NY 10036
Tel:    (646) 863-3533
Fax:  (212) 208-4457
Email: mara@dmaralowenstein.com

Email: mara@dmaralowenstein.com


9. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification:** Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Dismissal of the Lawsuit</u>: Counsel for the Parties shall sign a Stipulation and Order of Dismissal with Prejudice (the "Dismissal Order") in the form attached to this Agreement as Exhibit B. The Dismissal Order shall be filed in the Court within ten (10) days of Court approval of the Agreement and a copy of the Dismissal Order signed by Defendants' Counsel. However, the Parties agree that the Court shall retain jurisdiction over the Litigation until Defendants have fully paid the Negotiated Settlement Payment set forth.

13. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

14. <u>No Assignment</u>: Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

15. <u>Entire Agreement</u>: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

16. <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

17. <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

18. <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

19. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all

reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22. <u>Employment Status</u>: Plaintiffs acknowledge that their employment with Defendants has ended, that upon receipt of the Negotiated Settlement Amount, Plaintiffs have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, vacation or sick pay, accrued benefit, bonus or commission, and/or distributions to or from any 401K plan. Plaintiffs further voluntarily and unequivocally acknowledge and agree that by entering into this Agreement, they voluntarily and knowingly waive any and all rights to re-employment with Defendants.

23. <u>Mutual Non-Disparagement</u>: The Parties hereto agree not to disparage each other. Nothing herein shall prevent the Plaintiffs from speaking truthfully about this case.

24. <u>Free and Voluntary Execution</u>: Los Demandantes representan que su idioma materno es el español y que sus abogados de Michael A. Faillace & Associates, P.C. han repasado todos los términos de este Acuerdo con él en español. Los Demandantes han entendido todos los términos de este Acuerdo, y los aceptan voluntariamente al firmar el Acuerdo. (Plaintiffs represent that their primary language is Spanish and that Plaintiffs' counsel, Michael A. Faillace & Associates, P.C., has reviewed all terms of this Agreement with them in Spanish. Plaintiffs have fully understood all terms of this Agreement and voluntarily accept them by signing below.)

- rest of page intentionally left blank -

25. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>Plaintiffs</u>:

By: _[signature]_
MIGUEL ALMAZO

By: _[signature]_
MANUEL OLGUIN

<u>Defendants</u>:

RACHEL ON NINTH CORP. (d/b/a PATRON MEXICAN GRILL)

By: _____

Print Name _____

Title _____


_____
PATRICK S. LIMA


_____
LOUIS COLANTONIO


_____
CIRO COLANTONIO

25. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>Plaintiffs:</u>

By: _____
    MIGUEL ALMAZO

By: _____
    MANUEL OLGUIN

<u>Defendants:</u>

RACHEL ON NINTH CORP. (d/b/a PATRON MEXICAN GRILL)

By: _____

Print Name  Patrick S. Lima

Title       President

_____
PATRICK S. LIMA

_____
LOUIS COLANTONIO

_____
CIRO COLANTONIO

9

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
MIGUEL ALMAZO and MANUEL OLGUIN,
*individually and on behalf of others similarly situated,*

                          *Plaintiffs*,

            -against-

RACHEL ON NINTH CORP. (d/b/a PATRON
MEXICAN GRILL), PATRICK S. LIMA, LOUIS
COLANTONIO, and CIRO COLANTONIO,

                         *Defendants.*
-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK  )
                          ) ss.
COUNTY OF New York  )

Patrick S. Lima, being duly sworn, deposes and says:

1. I reside in Queens, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, Christopher J. Cooper and Ciro Colantonio are to submit a total sum of One-Hundred Thousand Dollars and Zero Cents ($100,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Almazo and Manuel Olguin ("Plaintiffs") and Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $100,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Patrick S. Lima.

_____
PATRICK S. LIMA

28 day of April of 2018

_____
Notary Public

D. MARA LOWENSTEIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6047130
Qualified in New York County
My Commission Expires August 28, 2018



SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X

MIGUEL ALMAZO and MANUEL OLGUIN,
*individually and on behalf of others similarly situated,*

                        *Plaintiffs,*

        -against-

RACHEL ON NINTH CORP. (d/b/a PATRON
MEXICAN GRILL), PATRICK S. LIMA, LOUIS
COLANTONIO, and CIRO COLANTONIO,

                        *Defendants.*
-----------------------------------------------------------------X

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK   )
                              ) ss.
COUNTY OF _New York_   )

Louis Colantonio, being duly sworn, deposes and says:

1. I reside in _Scarsdale_, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio are to submit a total sum of One-Hundred Thousand Dollars and Zero Cents ($100,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Almazo and Manuel Olguin ("Plaintiffs") and Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $100,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Louis Colantonio.

*[signature]*
LOUIS COLANTONIO

28th day of April of 2018
*[signature]*
Notary Public

D. MARA LOWENSTEIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6047130
Qualified in New York County
My Commission Expires August 28, 2018



SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------X
MIGUEL ALMAZO and MANUEL OLGUIN,
*individually and on behalf of others similarly
situated,*

                                   *Plaintiffs*,

         -against-

RACHEL ON NINTH CORP. (d/b/a PATRON
MEXICAN GRILL), PATRICK S. LIMA, LOUIS
COLANTONIO, and CIRO COLANTONIO,

                                  *Defendants.*
-----------------------------------------------------------X

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK  )
                             ) ss.
COUNTY OF _New York_ )

Ciro Colantonio, being duly sworn, deposes and says:

1. I reside in _New York_, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio are to submit a total sum of One-Hundred Thousand Dollars and Zero Cents ($100,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Almazo and Manuel Olguin ("Plaintiffs") and Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $100,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Ciro Colantonio.

_/s/ Ciro Colantonio_
CIRO COLANTONIO

28th day of April of 2018
_/s/ Mara Lowenstein_
Notary Public

D. MARA LOWENSTEIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6047130
Qualified in New York County
My Commission Expires August 28, 2018



SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------------------------X
MIGUEL ALMAZO and MANUEL OLGUIN,
individually and on behalf of others similarly
situated,

       Plaintiffs,        AFFIDAVIT OF
                        CONFESSION
   -against-              OF JUDGMENT

RACHEL ON NINTH CORP. (d/b/a PATRON
MEXICAN GRILL), PATRICK S. LIMA, LOUIS
COLANTONIO, and CIRO COLANTONIO,

       Defendants.

-------------------------------------------------------------X

STATE OF NEW YORK )
          ) ss.
COUNTY OF New York )

Patrick S. Lima, being duly sworn, deposes and says:

1. I reside in Queens, New York

2. I am an owner of Rachel on Ninth Corp. (d/b/a Patron Mexican Grill). I am duly authorized to make this affidavit of confession of judgment on behalf of Rachel on Ninth Corp.

3. Rachel on Ninth Corp. maintains its principal place of business at 608 Ninth Avenue, New York, New York 10036.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio are to submit a total sum of One-Hundred Thousand Dollars and Zero Cents ($100,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Almazo and Manuel Olguin ("Plaintiffs") and Rachel on Ninth Corp. (d/b/a Patron Mexican Grill), Patrick S. Lima, Louis Colantonio, and Ciro Colantonio (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against

Rachel on Ninth Corp. and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $100,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Rachel on Ninth Corp.

Rachel on Ninth Corp..
By: Patrick Lima
President

28th day of April of 2018

Notary Public



D. MARA LOWENSTEIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6047130
Qualified in New York County
My Commission Expires August 28, 2018