```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
      :
MIGUEL ALMAZO *and* MANUEL OLGUIN,  :
*Individually and on behalf of others similarly*  :
*situated*,  :
      :
                Plaintiffs,  :  **ORDER**
      :
      -v-   :  17-CV-8324 (JLC)
      :
RACHEL ON NINTH CORP., *d/b/a* PATRON  :
MEXICAN GRILL, *et al.*,  :
      :
                Defendants.  :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

        The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 40) and have now submitted a joint letter motion for settlement approval (Dkt. No. 43) along with their proposed settlement agreement (Dkt. No. 43-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiffs in this case have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of

settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter motion and the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the settlement is hereby approved.

The parties are directed to submit a stipulation of dismissal and file it on the docket by **May 24, 2018**.

**SO ORDERED.**

Dated:  New York, New York
        May 14, 2018

_____
JAMES L. COTT
United States Magistrate Judge